Mr. Justice FIELD
delivered the opinion of the court:
This is an action of ejectment for the possession of certain real property, situated in the city of Oakland, in the State of California. The plaintiff below, the defendant in error in this court, alleges in his complaint a seizin in fee and a right to the possession of the entire premises. The proof established and the jury found that he was only seized of an undivided twentieth interest; but the court held that, as the defendants had shown no title, he was entitled to the possession of the entire premises, “in subordination,” however, “ to the rights of his co-tenants,” and directed judgment to be entered in his favor as against the defendants for the same. The ruling of the court in this particular constitutes the principal error urged for a reversal of the judgment.
The ruling was in conformity with the settled law of the State. Under the allegation of seizin in the complaint, it was sufficient, as determined by repeated adjudications of the Supreme Court of the State, for the plaintiff to establish any interest in the premises which gave him a right of possession. The action of ejectment determines no rights but those of present possession; and that one tenant in common has such rights as against all parties but his co-tenants, or persons holding under-them, is not questioned.§
*374 On the trial the defendants produced a conveyance of the interest in the premises of some of the co-tenants of the plaintiff, executed after issue joined. The evidence was admitted, subject to the opinion of the court upon its admissibility under the pleadings, and the jury based one of their findings thereon. But the court, in directing the judgment to be entered upon the special verdict, held the evidence inadmissible, and excluded the finding. Its ruling in this particular constitutes the second error assigned for a reversal of the judgment.
This ruling was correct under the system of pleading and practice which prevails in the State courts of California, and which, with some slight modifications, has been adopted by the Circuit Court of the United States for common law cases. By a statute of the State the different forms of action known to the common law are abolished. The plaintiff is required to state in his complaint the facts constituting his cause of action in ordinary and concise language, with a prayer for the relief to which he may deem himself entitled. To the complaint the defendant must answer either by a denial of its allegations or by a statement of any new matter constituting a defence. The fictions of the action of ejectment at common law have no existence. The names of the real claimants and defendants miist appear in the pleadings. The complaint must allege the possession or seizin of the premises, or of some estate therein by the plaintiff, on some day to be stated, the subsequent entry of the defendant thereon, and his withholding the same from the plaintiff. A denial of its allegations puts in issue the title of the plaintiff at the date alleged, or at least his title at the commencement of the action.* Any title acquired subsequent to the issue thus joined must be set up by a supplemental answer in the nature of a plea puis darrein continuance. No permission to file such supplemental answer was applied for, and there was no error in excluding the title subsequently acquired under the pleadings as they stood.
Judgment affirm*

 See Stark v. Barrett, 15 California, 371; Touchard v. Crow, 20 Id., 162; Mahoney v. Van Winkle, 21 Id., 583.

 Yount v. Howell, 14 California, 468.